Weight, J.,
delivered the opinion of the court:
Claimant is a commission merchant and entered into a contract with the defendant June 20, 1898, by which it sold and *613 undertook to deliver about 9,000 tons of coal to the quartermaster’s department of the United States Army at Honolulu, Hawaiian Islands, to be delivered from the vessel’s tackles, at the rate of not less than 150 tons per day, 2,240 pounds to the ton, the delivery to commence on or about July 1, 1898, for which defendant agreed to pay $Y. 50 per ton. Prior to making the contract, and as a preliminary step to its execution, claimant had submitted a proposal in which the quantity subsequently specified on the contract was segregated to be contained in one, two, or three cargoes of from about 1,800 to 2,600 tons each, and from this proposition the contract was evolved, introducing into it the language of claimant’s proposition, about “9,000 tons.”
In all essential features this case is like John J. Moore, trading as John J. Moore & Co., v. The United States, in which we have, in an opinion, given our reasons for the decision of the court, to which we refer without repetition here. The difference between the contracts in that case and this one is, that in the present case the coal was to be delivered from the vessel’s tackles. At the port of Honolulu it was not possible to deliver the cargo from the vessel’s tackles, or otherwise, without first arriving at the wharf. Claimant plainly undertook to deliver the cargo to the quartermaster’s department, United States Army, at Honolulu. This it could not do in the water, for the quartermaster’s department was on land, nor until arrival at the wharf, where the quartermaster was to receive it, and hence it was clearly its -obligation to deliver the coal upon the wharf, as it did. The petition will be dismissed.